| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:   A. KATHLEEN TOMLINSON            DATE:   2-5-2013
          U.S. MAGISTRATE JUDGE             TIME:   11:56 a.m. (25 minutes)

*Allied Dynamics Corp. v. Kennamental, Inc., et al.*
**CV 12-5904 (JFB) (AKT)**

TYPE OF CONFERENCE:          **INITIAL CONFERENCE**

APPEARANCES:   Plaintiff      Mark A. Weissman
                              Lydia Ferrarese

               Defendant      Stacy L. Trimmer
                              Thomas J. Hall

FTR:   11:56-12:21

SCHEDULING:

The Discovery Status Conference will be held on June 28, 2013 at 11:30 a.m.

THE FOLLOWING RULINGS WERE MADE:

1.  Counsel for the parties in this diversity/fraud action met for a Rule 26(f) conference and I am adopting the discovery plan submitted by them with several modifications. The Case Management and Scheduling Order ("CMSO") is being entered separately. Initial Disclosures pursuant to Rule 26(a) have been served by the parties.

    Counsel have been advised that if they need to obtain documents or a deposition from any non-party witnesses, subpoenas directed to those witnesses should be served as early as possible.

2.  I spent some time with counsel for all the parties today discussing the scope of discovery that will be necessary in light of the claims and defenses asserted in this case. I am aware that counsel had a pre-motion conference with Judge Bianco and that defendants' motion to dismiss must be fully briefed by April 5, 2013. In light of the anticipated motion, I am staying the taking of depositions in this case until that motion is decided. I have advised counsel that if Judge Bianco decides the motion prior to the June 28 Discovery Status Conference, and if the motion is denied in whole or in part, then counsel are directed to contact my Chambers within five days of that decision.

3.  The parties will confer further regarding the issue of whether a Stipulation and Order of Confidentiality will be needed during the discovery and trial phases of this case. If so, then I am directing the parties to work on a proposed document that can be forwarded to me after execution by the parties to be reviewed and "so ordered." That Order will then become part of the Court record. The proposed stipulation, if necessary, is to be filed on ECF by March 11, 2013.

4.  I am giving the parties until March 11, 2013 to confer and reach an agreement on the method by which electronically stored information ("ESI") shall be produced in this case. The parties are to file their letter agreement, executed by all counsel, on ECF <u>no later than March 11</u> advising me of what agreement/ procedure has been put in place, and the specific details of such agreement. In the alternative, if there is no ESI relevant to this case, the parties shall so advise me in the same manner.

5.  The deadline to file a letter request for a pre-motion conference to Judge Bianco for purposes of making a motion to amend the pleadings or add parties is May 13, 2013. If the movant is unable to obtain consent to the amendment by way of Stipulation, then counsel must file the letter request for a pre-motion conference by May 13, 2013.

6.  As set forth in my Individual Rules, as well as the Case Management and Scheduling Order entered today, **three business days before the June 28, 2013 status conference, the parties are directed to file a discovery status report** setting forth the following information: (1) confirming that all paper production has been completed and that any objections to each other's productions have been resolved (and if not, state why not); (2) confirming that each party's interrogatory responses have been certified by the client as to their accuracy and completeness and that any objections to each other's interrogatory responses have been resolved (and if not, state why); (3) stating whether there are any outstanding discovery disputes; if so, each attorney must set forth the legal support for the position being taken on behalf of the client (i.e., provide the case citations for any cases relied upon to support the argument being made on behalf of the client and further state the proposition from that case which counsel asserts supports his/her argument); and (4) confirming that counsel have conferred with each other and reached an agreement concerning whom they wish to depose in the case, including both party and non-party witnesses and providing an the date on which the last deposition is scheduled to be taken. Once these four items have been addressed in the report, the parties are to confirm whether discovery is proceeding on schedule. **NOTE**: Any status report that does not specifically and individually address the four categories noted above will be returned to the parties as non-compliant.

    **The remainder of the pre-trial discovery deadlines will be set in place at the June 28, 2013 Discovery Status Conference and will appear in the Final CMSO entered that day. The parties must be prepared to advise the Court at that time of the status of depositions, whether they intend to retain any experts, and the identity of such experts.**

7.  In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing the appropriate letter motion as expeditiously as possible. <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party</u>. Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (*not* merely an exchange of e-mails or letters).

    If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or

      interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court.  <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

8.     As counsel were advised today, under existing Second Circuit case law, any amendments or modifications to this Order or to the accompanying Case Management and Scheduling Order must be approved in advance by the Court.  Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders.  All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court in advance of the expiration of the deadline.  The parties are directed to my Individual Practice Rules for further information.

                                                    SO ORDERED

                                                    /s/ A. Kathleen Tomlinson  
                                                    A. KATHLEEN TOMLINSON  
                                                    U.S. Magistrate Judge